UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

STEPHANIE TRIBBLE,

                              *Plaintiff,*        05CV8567 (HB)(KNF) ECF

   *-against-*                                    COMPLAINT

                                                      A JURY TRIAL IS
                                                      DEMANDED

ROYAL CLEANING SERVICE, INC.,

                              *Defendant.*
------------------------------------------------------------------------x

The plaintiff, by her attorney, Paul S. McDonough, complains of the defendant as follows:

## Preliminary Statement

1.     This is a civil action seeking monetary damages and equitable relief against the defendant for their wrongful, disparate and discriminatory treatment of plaintiff due to her sex and for retaliation against plaintiff for protesting the wrongful, disparate and discriminatory treatment of herself.

## Jurisdiction and Venue

2.     Jurisdiction is conferred pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 2000e(1) through 2000e(15). Venue is based on 28 USCS §1391 and §1392. State law claims are brought under the New York State Constitution Article 1, §8, and the New York State Human Rights Law, Executive Law §296, et seq. Claims under the New York City Human Rights Law are brought under the New York City Administrative Code §8-107. This

court has pendent jurisdiction for the New York State and City law claims. Defendant maintains offices, reside and does business in the Southern District of New York and, as set forth more fully infra, the incidents which form the gravamen of this Complaint occurred within the area comprising the Southern District of New York.

## STANDING

3. Defendant employed more than 15 persons at all times.

4. On or about July 21, 2004, Plaintiff filed charges with the U.S. Equal Employment Opportunity Commission, (hereinafter, "EEOC"), alleging certain violations of Title VII including discrimination based on sex and retaliation. On or about December 17, 2004, Plaintiff filed amended charges to include further acts of retaliation.

5. Plaintiff received a "Right to Sue" letter from U.S. Equal Employment Opportunity Commission and the United States Department of Justice on or about July 12, 2005.

6. All of the events set forth below occurred within the City and State of New York.

7. Prior to the filing of this Complaint, a copy has been duly served on the Corporation Counsel of the City of New York and the New York City Commission on Human Rights.

## PARTIES

8. Plaintiff is a female American citizen who resides at 121 West 144th Street, in the City County and State of New York.

9. Defendant is a corporation organized and existing under the laws of the State of New York. Defendant maintains its principal place of business at 153 West 27th Street, in the City County and State of New York.

## FACTUAL ALLEGATIONS

10. On or about April 8, 2004, Plaintiff joined Royal Cleaning Service, Inc. and was assigned to cleaning duties at the Marriott New York Marquis Hotel.

11. Beginning on or about April 12, 2004, Plaintiff's direct supervisor, Mr. Paul Hewitt, began making unwelcome sexual advances toward Plaintiff which Plaintiff continually rejected.

12. These advances were made on a daily basis and severely interfered with the terms and conditions of Plaintiff's employment resulting in extreme emotional distress.

13. During this period of harassment, Plaintiff informed other employees of Royal Cleaning Service, Inc., about what was transpiring and was informed that Mr. Hewitt had engaged in similar conduct with other subordinate females in the past.

14. Plaintiff was advised by them to contact Human Resources.

15. Plaintiff also informed management of the Marriott New York Marquis, and received similar advice.

16. Initially, because of Plaintiff's family situation and need for income, she was hesitant to do so, in the vain hope that Mr. Hewitt would stop.

17. Finally, after Mr. Hewitt threatened to fire Plaintiff unless she submitted to his sexual demands, Plaintiff complained to Defendant's Human Resources department.

18. Valerie in Human Resources stated to Plaintiff that she had heard that Mr. Hewitt had been sexually harassing her and wondered when she would report it.

19.     Royal Cleaning Service, Inc.'s response to Plaintiff's complaint was first to immediately cut Plaintiff's hourly rate, conduct a sham investigation, and then to fire her.

20.     As a direct and proximate consequence of Defendant's conduct, Plaintiff has suffered physical and emotional pain, suffering, mental anguish and loss of enjoyment of life and other non-pecuniary losses and has sought and will continue to seek medical and other attention.

21.     On or about November 11, 2005, Defendant began an action in the Supreme Court of the State of New York, County of New York, against Plaintiff. The gravamen of this action was that the filing of the EEOC charge, protected under law, defamed defendant and constituted interference with contractual relations, claiming not less that $3,140,000.00 in damages, plus attorneys' fees and costs.

22.     Defendant's were aware at the time of filing that Plaintiff, as a now unemployed cleaning woman, had limited resources.

23.     Defendant's, upon information and belief, instituted the Stat Court action, for the purpose of retaliating against Plaintiff for filing her EEOC charge and to intimidate her from seeking appropriate legal redress for the wrongs done her.

24.     Plaintiff has attempted to mitigate her damages.

## AS AND FOR A FIRST CAUSE OF ACTION

## VIOLATION OF TITLE VII

25.     Plaintiff repeats and realleges each and every allegation contained in paragraphs I through 24 of this Complaint with the same force and effect as if set forth herein at length.

26. Defendant has discriminated and retaliated against plaintiff on the basis of her sex in violation of Title VII of the Civil Rights Act of 1964.

27. Plaintiff is entitled to damages as a result of Defendant s violation of the Title VII of the Civil Rights Act of 1964.

## AS AND FOR A SECOND CAUSE OF ACTION

## VIOLATION OF THE STATE HUMAN RIGHTS LAW

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs I through 24 of this Complaint with the same force and effect as if set forth herein at length.

29. Defendant s conduct as described herein constitutes discrimination and retaliation in violation of the State Human Rights Law.

30. Plaintiff is entitled to damages as a result of Defendant s violation of the State Human Rights Law.

## AS AND FOR A THIRD CAUSE OF ACTION

## VIOLATION OF THE CITY HUMAN RIGHTS LAW

31. Plaintiff re-affirms and re-avers the allegations set forth in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein at length.

32. Defendant s conduct as described constitutes discrimination and retaliation in violation of the City Human Rights Law.

33. Plaintiff is entitled to damages as a result of Defendant s violation of the City Human Rights Law.

## AS AND FOR A FOURTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff re-affirms and re-avers the allegations set forth in paragraphs 1 through 24 of this Complaint with the same force and effect as if set forth herein at length.

35. Defendant's conduct toward Plaintiff was extreme and outrageous.

36. Defendant acted intentionally to cause, or with disregard of a substantial probability of causing, severe emotional distress.

37. As a result of Defendant's conduct, Plaintiff has suffered severe emotional distress.

38. Plaintiff is entitled to damages based on Defendant's intentional infliction of emotional distress.

## PRAYER FOR RELIEF

Plaintiff respectfully prays this Court award her:

(a) pursuant to the Title VII of the Civil Rights Act of 1964, compensatory and punitive damages to compensate her for lost compensation, including, but not limited to, salary, bonus, and other forms of compensation, for the mental anguish, emotional distress, and insult to dignity she suffered as a result of the Defendant's willful and unlawful discrimination and retaliation against her as described in Complaint;

(b) pursuant to the State Human Rights Law, damages to compensate her for lost compensation, including, but not limited to, salary, bonus, and other forms of compensation, for the mental anguish, emotional distress, and insult to dignity she suffered as a result of the Defendant's willful and unlawful discrimination and retaliation against her

as described in Complaint;

    (c)  pursuant to the City Human Rights Law, compensatory and punitive damages to compensate her for lost wages, including, but not limited to, salary, bonus, and other forms of compensation, for the mental anguish, emotional distress, and insult to dignity she suffered as a result of Defendant's willful and unlawful discrimination and retaliation against her as described in Complaint;

    (d)  compensatory and punitive damages to compensate her for lost wages, including, but not limited to, salary, bonus, and other forms of compensation, for the mental anguish, emotional distress, and insult to dignity she suffered as a result of the Intentional Infliction of Emotional Distress by Plaintiff;

    (e)  reasonable attorney's fees and costs of this action pursuant to Title VII of the Civil Rights Act of 1964 and the City Human Rights Law;

    (f)    interest from the date(s) of the creation of the hostile work environment;

    (g)    such other and further relief as this Court deems just and proper.

Dated:    New York, New York
October 4, 2005

    Yours respectfully,

    Paul S. McDonough

    By: _____
        PAUL S. McDONOUGH
        (PSM 1796)
        50 Broad Street, Suite 1800
        New York, NY 10004
        (212) 509-2050
        Attorney for Plaintiff